# SUPERIOR COURT OF BALTIMORE CITY.

Filed April 24, 1918.

### STATE ROADS COMMISSION
VS.
### CHESAPEAKE AND POTOMAC TELEPHONE COMPANY.

*Ogle Marbury* and *Philip B. Perlman,* Assistant Attorneys General, for the plaintiff.

*Shirley Carter* for the defendant.

DAWKINS, J.—

In this case the facts are somewhat different from the case of the Commission vs. The American Telephone and Telegraph Company. This deals with a highway—a turnpike taken over by the State under the law authorizing the acquisition by the Commission of such turnpikes for the use of the State, and the claim arises under a definite contract first made by the defendant company with the turnpike company and subsequently approved by the Commission and accepted by the telephone company. On the 26th of July, 1905, an agreement was made between the company owning the York Turnpike and the defendant, that the defendant should pay 25 cents a year for each pole maintained on said turnpike. On the 29th of April, 1909, an agreement was made between the plaintiff and the United Railways and Electric Company in reference to the transfer of ownership of the railway company. Subsequently on 22nd of July, 1910, an agreement was made whereby the plaintiff acquired title to said turnpike subject to certain rights and easements of the railway company and the defendant. The defendant continued to use the turnpike for its purposes from said 22nd of July, 1910, but has refused to pay for the use of the same, claiming that sections 359 and 405 of Article 23, of the Code of Public General Laws of the State of Maryland, frees it from said payments since the State has not conferred the power upon the plaintiff Commission to make any such charge.

In May, 1910, upon the petition of the defendant company, it was by an order of the plaintiff allowed to construct its pole and telephone line.

The defendant is a domestic corporation and as such owns and maintains for its business wires on and along the roads and highways of the State under the laws of Maryland. It pays taxes upon its property. The same contention practically is made in this case as is made in the case of State vs. American Telephone and Telegraph Company. That is, the same general principles are involved.

The plaintiff contends, with reason, that if the plaintiff has a right to enforce a charge for the use of the State's highways when used for exclusive purposes that this is a stronger case than the one referred to, because there is in effect a contract between the plain-

548

tiff and defendant in this case by virtue of the petition of the defendant and the order passed thereon by the plaintiff, and the subsequent acceptance of the order by the defendant company.

The deed to the Commission conveys to it for the State all its right, title, interest and estate whatsoever in law and in equity in the turnpike. The turnpike company was receiving income from the defendant, why should not the State receive it? Without reference to the sundry deeds and agreements, the permit of May 21, 1910, passed upon the defendant's own application expressly provides that: "In the event of the State Roads Commission hereafter securing title to the turnpike company's road by its agreement with the telephone company of July 26th, 1905, shall be possessed in every respect by the State Roads Commission and the acceptance of this order by the telephone company and its acting thereunder shall be held as its assent to all the provisions of the order." The defendant company did accept and acted under the order. It would seem that the telephone company is precluded from now disputing it. If there was any doubt about the terms of the deed conveying all rights, this order and acceptance would seem to establish the right to the assignee to collect.

There would seem to be no reason because the counsel of the Commission prepared this deed, that it should not be construed according to its reasonable terms.

There is nothing in Section 35, Article 91, which authorizes the Commission to take over roads including turnpikes subject to any outstanding use or franchise that would prevent the State getting the benefit of compensation for the use of such franchise.

Applying to the principles announced Postal cases in 123 Maryland, and 127 Maryland, to the facts before us without further discussion, I am forced to the conclusion that the plaintiff is entitled to recover in this case. There is no question as to the reasonableness of the charge, so the verdict will be for the amount claimed by the plaintiff.

The plaintiff's prayers will be granted.

The defendant's prayers will be refused.

Verdict for plaintiff for $1,132.76.